Scott C. Borison, State Bar No. 289456
Legg Law Firm, LLP
1900 S. Norfolk St., Suite 350
San Mateo CA 94403
Telephone:    (301) 620-1016
Fax:               (301) 620-1018
Email:  borison@legglaw.com

*Additional Counsel Listed on Signature Page*

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| Diego Binatena, individually and on behalf of all others similarly situated, | Case No. |
|---|---|
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Apple, Inc., | |
| Defendant. | |

Plaintiff Diego Binatena, individually and on behalf of the class described below, by and through his attorneys hereby brings suit against Defendant Apple, Inc. on behalf of himself and the proposed class as set forth herein.

**I.     OVERVIEW OF THE ACTION**

1.     Plaintiff brings this class action on behalf of himself and others who purchased MacBook Pro laptop computers on or after late 2016 with defective "butterfly" keyboards. These keyboards are prone to failure, and, when replaced, often fail again.

2.     Apple is a market leader in the manufacture, marketing and sale of computers and computing devices.  In late 2016, Apple introduced a new version of its high-end MacBook Pro laptop, featuring new a "butterfly" keyboard, which is more compact than previous keyboards.

This keyboard, however, is particularly prone to failure, especially when dust or other debris become lodged underneath the keys.

3. The cost of replacing a keyboard is approximately $700.

4. Unfortunately, replacing failed keyboards with the same butterfly keyboard does not fix the issue – the replacement keyboards are also prone to the same failure.

5. Keyboards are an essential part of a laptop computer. Without a functioning keyboard, the utility and value of a laptop is vastly diminished.

6. Plaintiff brings this action for monetary, declaratory and equitable relief for Apple's: 1) breach of its express and implied warranties; 2) breach of the Magnuson-Moss Warranty Act and the Song-Beverly Consumer Warranty Act; 3) breach of the duty of good faith and fair dealing; 4) breach of California's Unfair Competition Law; 5) breach of California's Consumers Legal Remedies Act; and 6) fraudulent concealment.

**II. JURISDICTION AND VENUE**

7. This Court has original jurisdiction over the federal claims and supplemental jurisdiction over the state law claims.

8. Defendant is a California corporation, has its principal place of business in Cupertino, California, transacts business in this District, has subjected itself to this Court's jurisdiction through such activity, and a substantial part of the events and omissions giving rise to the claim occurred in this District. Accordingly, venue is proper in this District under 28 U.S.C. § 1391.

**III. PARTIES**

9. Plaintiff is a resident of Manhattan Beach, California. He bought a MacBook Pro in January 2017 and has experienced the defect.

10. Defendant Apple is a California corporation with its principal place of business in Cupertino, California.

//

//

## IV.     FACTUAL ALLEGATIONS

11.     Apple is one of the leading manufacturers and sellers of computing products, including the iMac desktop computer, MacBook and MacBook Pro laptops, iPad tablets, iPhone smart phones, and iPod and iTouch handheld music players and gaming devices.

12.     In late 2016, Apple introduced a new MacBook Pro (the "affected MacBook"). The New MacBook Pro had a new form of keyboard.  As Apple states on its website:

> Interacting with MacBook Pro is a smooth experience all around. The keyboard features our second-generation butterfly mechanism — providing four times more key stability than a traditional scissor mechanism, along with greater comfort and responsiveness.[1]

13.     Since the release of the affected MacBook, complaints about the reliability of the keyboard have proliferated online.  One online review of customer data suggested that the affected MacBooks were brought to Apple retail locations for keyboard-related service twice is frequently as its predecessor model.[2]  An online petition seeking a recall of the keyboard on the affected MacBooks has gathered almost 17,000 signatures, and there are numerous posts in connection with the petition detailing the problems with the keyboard.[3]

14.     Apple has long been aware that this is an issue.  In a patent filing make in 2016, but only recently made public, it noted that "[s]olid contaminants such as dust, dirt, food crumbs, and the like may lodge under keys, blocking electrical contacts, getting in the way of key movement, and so on." Patent Pub. No. US2018/0068808.[4]

15.     Despite being aware of the keyboards' problems, and numerous potential fixes for it, Apple continued to sell the affected MacBooks with this known defect.  Rather than fix the issue, Apple has put up a page on it support website, suggesting that owners of affected

---

[1] https://www.apple.com/macbook-pro/, accessed 5/10/18.
[2] https://appleinsider.com/articles/18/04/30/2016-macbook-pro-butterfly-keyboards-failing-twice-as-frequently-as-older-models, accessed 5/10/18.
[3] https://www.change.org/p/apple-apple-recall-macbook-pro-w-defective-keyboard-replace-with-different-working-keyboard, accessed 5/29/18.
[4] See https://www.forbes.com/sites/ewanspence/2018/03/11/apple-macbook-macbookpro-dirty-butterfly-broken-keyboard/#6200712c3fca, accessed 5/10/18.

3
Class Action Complaint

MacBooks use compressed air to clean out their keyboards.[5] Notably, this advice is directed specifically at owners of "MacBook Pro[s] (2016 and later)," indicating that Apple is aware that this is a problem specific to this model of laptop. This "fix," however, is ineffective because it often fails, and is always short-term—meaning that even when it does solve the immediate problem, the problem is bound to arise again.

16. Apple's conduct violates its written one-year limited warranty which it provides with each MacBook and which states:

> WHAT IS COVERED BY THIS WARRANTY?
> Apple Inc. of One Infinite Loop, Cupertino, California 95014, U.S.A. ("Apple") warrants the Apple-branded hardware product and Apple-branded accessories contained in the original packaging ("Apple Product") against defects in materials and workmanship when used normally in accordance with Apple's published guidelines for a period of ONE (1) YEAR from the date of original retail purchase by the end-user purchaser ("Warranty Period").
> \*\*\*
> WHAT WILL APPLE DO IN THE EVENT THE WARRANTY IS BREACHED?
>
> If during the Warranty Period you submit a claim to Apple or an AASP in accordance with this warranty, Apple will, at its option:
>
> (i) repair the Apple Product using new or previously used parts that are equivalent to new in performance and reliability,
> (ii) replace the Apple Product with the same model (or with your consent a product that has similar functionality) formed from new and/or previously used parts that are equivalent to new in performance and reliability, or
> (iii) exchange the Apple Product for a refund of your purchase price.

## V. FACTUAL ALLEGATIONS RELATED TO PLAINTIFF

18. Plaintiff purchased an affected MacBook from a Best Buy near his home in January 2017.

19. He began to have problems with numerous of the keys on his keyboard sticking and being unusable, beginning with the "b" "n" and "m" keys.

20. He initially brought his laptop to an Apple store for repairs, during the warranty period, but the store only fixed the "b" key, by replacing it.

---

[5] https://support.apple.com/en-us/HT205662, accessed 5/10/18.

4

Class Action Complaint

21. When he went back to the Apple store after being unsatisfied with the initial repair, he was told it would take 2-3 weeks to fix his laptop.

22. Plaintiff cannot be without a laptop for that period of time, so he saved his money, purchased another non-Apple laptop, and brought the MacBook back to Apple for the repair.

23. At that point, he was told his laptop was outside the warranty period, and that it would cost at least $500 for Apple to diagnose the problem, and potentially additional money for them to repair the problem.

## VI. CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action for monetary and equitable relief pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class: All persons in the United States who purchased a new MacBook Pro containing the Butterfly keyboard from late 2016 until the date of judgment in this action (the "Class"). Excluded from the Class are Apple; any entity in which it has a controlling interest; any of its parents, subsidiaries, affiliates, officers, directors, employees and members of their immediate families; and members of the federal judiciary.

25. The members of the Class are ascertainable, and are so numerous that joinder is impracticable. There are thousands of members of the Class, whose names and addresses are in Apple's records.

26. There are questions of law or fact common to the Class, and such questions predominate over individual questions. Apple pursued a common course of conduct toward the Class as alleged. This action arises out of a common nucleus of operative facts. Common questions include:

    (a)    Whether Apple sold the affected laptops;

    (b)    Whether the affected laptops were defective;

    (c)    Whether Apple knew that the affected laptops were defective;

    (d)    Whether the sale of the affected laptops was unlawful in that it constituted any of the following:

5

Class Action Complaint

    i.  breach of Apple's express and implied warranties;

    ii.  breach of the Magnuson-Moss Warranty Act and the Song-Beverly Consumer Warranty Act;

    iii.  breach of the duty of good faith and fair dealing;

    iv.  breach of California's Unfair Competition Law;

    v.  breach of California's Consumers Legal Remedies Act; and/or

    vi.  fraudulent concealment.

  (e)  Whether Plaintiff and the Class have been damaged, and if so, in what amount.

27.  Plaintiff's claims are typical of the claims of other members of the Class, and there is no defense available to Apple that is unique to Plaintiff. Plaintiff paid for an affected MacBook Pros, and has experienced the defect.

28.  Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no interests that are antagonistic to those of the Class. Plaintiff has the ability to assist and adequately protect the rights and interests of the Class during the litigation. Further, Plaintiff is represented by counsel who are competent and experienced in this type of class action litigation.

29.  This class action is not only the appropriate method for the fair and efficient adjudication of the controversy, it is the superior method because:

  (a)  The joinder of thousands of geographically diverse individual class members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and litigation resources;

  (b)  There is no special interest by class members in individually controlling prosecution of separate causes of action;

  (c)  Class members' individual claims are relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, expensive, if not totally impossible, to justify individual class members addressing their loss;

  (d)  When Apple's liability has been adjudicated, claims of all class members can be determined by the Court and administered efficiently in a manner that is far less erroneous, burdensome, and

expensive than if it were attempted through filing, discovery, and trial of many individual cases;

(e) This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of class claims to promote economies of time, resources, and limited pool of recovery;

(f) This class action will assure uniformity of decisions among class members;

(g) Without this class action, restitution will not be ordered and Apple will be able to reap the benefits or profits of its wrongdoing; and

(h) The resolution of this controversy through this class action presents fewer management difficulties than individual claims filed in which the parties may be subject to varying indifferent adjudications of their rights.

30. Further, class certification is appropriate because Apple has acted, or refused to act, on grounds generally applicable to the Class, making class-wide equitable, injunctive, declaratory and monetary relief appropriate. In addition, the prosecution of separate actions by or against individual members of the Class would create a risk of incompatible standards of conduct for Apple and inconsistent or varying adjudications for all parties. A class action is superior to other available methods for the fair and efficient adjudication of this action.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Violation of the California Consumers Legal Remedies Act)**

31. Plaintiff repeats and re-allege herein the foregoing allegations.

32. At all times relevant hereto, there was in full force and effect the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750.

33. Plaintiff and the other class members are consumers within the meaning of Cal. Civ. Code § 1761(d).

34. Apple violated the CLRA's proscription against the concealment of the characteristics, use, benefit, or quality of goods by actively marketing the MacBook Pros as having functional and reliable keyboards. Specifically, Apple has violated: (a) § 1770(a)(5)'s

7

Class Action Complaint

1  proscription against representing that goods have uses or characteristics they do not have; and
2  (b) § 1770(a)(7)'s proscription against representing that goods are of particular standard or
3  quality when they are of another.

4     35.    Under California law, a duty to disclose arises in four circumstances: (1) when
5  the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had
6  exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively
7  conceals a material fact from the plaintiff; or (4) when the defendant makes partial
8  representations but also suppresses some material facts.

9     36.    Apple owed a duty to disclose material facts about the Butterfly keyboards that it
10  marketed, advertised and promoted to children as reliable and high-end." Apple breached such
11  duty as alleged in this Complaint.

12     37.    Plaintiff and the Class suffered actual damages as a direct and proximate result of
13  Apple's actions, concealment and/or omissions in violation of the CLRA, as evidenced by the
14  substantial sums Apple pocketed.

15     38.    Plaintiff, on behalf of themselves and for all those similarly situated, demands
16  judgment against Apple for equitable relief in the form of restitution and/or disgorgement of
17  funds paid to Apple.

18     39.    In accordance with § 1782(a) of the CLRA, on June 2, 2018, counsel served
19  Apple by U.S. mail with notice of its alleged violations of the CLRA. See Exhibit 1.

20     40.    Apple has not met the demand set forth in that letter, and therefore Plaintiff here
21  seeks the following relief under CLRA § 1780, for Apple's violations of CLRA §§ 1770(a)(5)
22  and (a)(7):

23     •     actual damages under Cal. Civ. Code § 1780(a)(1);
24     •     punitive damages under Cal. Civ. Code § 1780(a)(4);
25     •     attorneys' fees and costs under Cal. Civ. Code § 1780(d); and
26     •     any other relief the Court deems proper under Cal. Civ. Code § 1780(a)(5).

27
28

Class Action Complaint

41. Plaintiff's CLRA notices were sent via U.S. Mail to Apple's registered agent, advising Apple that it is in violation of the CLRA and must correct, replace or otherwise rectify the goods alleged to be in violation of CAL. CIV. CODE § 1770.

42. In the event the relief requested in those notices is not provided within 30 days, Plaintiff will amend this complaint to include a request for monetary damages pursuant to the CLRA.

43. Plaintiff's CLRA venue declaration is attached as Exhibit 2 to this complaint in accordance with CAL. CIV. CODE § 1780(d).

## SECOND CAUSE OF ACTION

### (Violation of Bus. & Prof. Code § 17200 *et seq.*)

44. Plaintiff repeats and re-allege herein the foregoing allegations.

45. Plaintiff brings this cause of action on behalf of himself, on behalf of the other class members, and in his capacity as a private attorney general against Apple for its unlawful, unfair, fraudulent and/or deceptive business acts and practices pursuant to California's Unfair Competition Law (UCL), Business & Professions Code § 17200 *et seq.*, which prohibits unlawful, unfair and/or fraudulent business acts and/or practices.

46. Plaintiff asserts these claims as a representative of an aggrieved group and as a private attorney general on behalf of the general public and other persons who have expended funds that Apple should be required to reimburse under UCL § 17200 *et seq.*

47. This claim is predicated on the duty to refrain from unlawful, unfair and deceptive business practices. Plaintiff and the other class members hereby seek to enforce a general proscription of unfair business practices and the requirement to refrain from deceptive conduct.

48. The UCL § 17200 *et seq.* prohibits acts of "unfair competition." As used in this section, "unfair competition" encompasses three distinct types of misconduct: (a) "unlawful…business acts or practices"; (b) "unfair fraudulent business acts or practices"; and (c) "unfair, deceptive or misleading advertising."

49. Apple violated the UCL by engaging in conduct that violated each of the three prongs identified by the statute as set forth throughout this Complaint.

50. Apple committed an *unlawful* business act or practice in violation of the UCL § 17200 *et seq*. when it violated the CLRA, the Magnuson-Moss Warranty Act, the Song-Beverly Warranty Act, breached its express and implied warranties, and committed fraudulent concealment.

51. Apple committed *unfair and fraudulent* business acts and practices in violation of the UCL §§ 17200 and 17500 *et seq*. by actively advertising, marketing and promoting the affected MacBooks as despite the defect and in spite of Apple's obligations to ensure that goods it places on the market are fit for their ordinary and intended purposes. Apple also failed to effectively fix problems with its keyboards resulting in frustration and expense.

52. Apple's deceptive practices and fraudulent omission of the defect were specifically designed to and were likely to deceive a reasonable consumer.

53. Apple's deceptive practices have deceived and/or are likely to deceive Plaintiff and members of the consuming public.

54. As a direct and proximate cause of Apple's violation of the UCL, Plaintiff and the Class have suffered harm in that they have MacBooks of reduced utility and value, and they have not been reimbursed for this harm from Apple.

55. As a direct and proximate result of Apple's violation of the UCL, Apple has been unjustly enriched and should be required to make restitution to Plaintiff and the Class or disgorge its ill-gotten profits pursuant to the UCL § 17203.

56. Plaintiff, on behalf of himself and for all others similarly situated, demands judgment against Apple for injunctive relief in the form of restitution, and/or disgorgement of funds paid to Apple as alleged herein.

### THIRD CAUSE OF ACTION

**(Fraudulent Concealment)**

57. Plaintiff repeats and re-allege herein the foregoing allegations.

Class Action Complaint

58. Apple knew or should have known that the keyboards on the affected MacBooks are defective through its own investigations and also through complaints it received from consumers.

59. The nature of the defect is such that it is latent, not apparent at the time of purchase, and not reasonably discoverable at the time of purchase.

60. Had Plaintiff and class members known of the defect they would not have purchased the MacBooks.

61. Apple had a duty to disclose the defect because of the glowing representations it made about the keyboards, including those set forth in Paragraph 13 herein.

62. None of the informational sources Plaintiff encountered—advertisements, websites, external packaging, etc.—provided any indication that the MacBook is defective.

63. Plaintiff and members of the Class were damaged by Apple's fraudulent concealment of the defect in its keyboards.

## FOURTH CAUSE OF ACTION

### (Breach of Written Warranty)

64. Plaintiff repeats and re-allege herein the foregoing allegations.

65. Apple's Limited warranty required it to perform its warranty obligations by repairing the computer, replacing the computer, or refunding the purchase.

66. Apple had actual notice the affected computers were defective when they were sold.

67. Apple has failed to provide Plaintiff and the Class with a non-defective replacement device, an effective repair, or a refund of their purchase price and therefore breached its obligations under the warranty.

68. As a direct and proximate result of Apple's breaches of express warranty, Plaintiff and members of the class have been damaged.

## FIFTH CAUSE OF ACTION

### (Breach of Implied Warranty)

69. Plaintiff repeats and re-allege herein the foregoing allegations.

70. Apple's impliedly warrantied to consumers that its computers were fit for their ordinary purpose—which by necessity includes the ability to receive input through the keyboard.

71. Apple breached this warranty by selling laptops with defective keyboards.

72. Had Plaintiff and class members known the keyboards were defective, they would not have purchased the computers.

73. Plaintiff members of the Class furnished Apple an opportunity to cure its breach of warranty, and otherwise complied with any and all obligations under the implied warranty of merchantability.

74. Despite knowing the MacBook was defective prior to or concurrent with the release of the laptop, Apple has refused to provide Plaintiff and Class members with appropriate warranty relief.

75. Plaintiff and members of the Class were damaged by Apple's breach of the implied warranty of merchantability.

## SIXTH CAUSE OF ACTION

**(Violation of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et. seq.*)**

76. Plaintiff repeats and re-allege herein the foregoing allegations.

77. The affected MacBooks are consumer products as defined in the Magnuson Moss Warranty Act ("MMWA").

78. Through its express written warranty and its implied warranties, Apple warranted the affected MacBooks as being free from defects and suitable for ordinary use as a laptop.

79. Apple's defective keyboard renders the laptops inoperable and unsuitable for ordinary use.

80. Apple has been provided opportunities to cure its breaches has failed to do so.

81. Plaintiff's amount in controversy exceeds $25 and the amount in controversy in this case exceeds $50,000 excluding costs and interest.

82. Plaintiff and members of the Class were damaged by Apple's breach of the MMWA, and Plaintiff is entitled to costs, expenses and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**(Violation of Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1792 et. seq.)**

83. Plaintiff repeats and re-allege herein the foregoing allegations.

84. The affected MacBooks are covered by the Song-Beverly Consumer Warranty Act ("SBCWA") because Plaintiff is a "buyer", Defendant is a "manufacturer" and the MacBooks are "consumer goods."

85. By selling Plaintiff and members of the Class MacBooks, Apple warrantied that the MacBooks were merchantable, when in reality they were defective and unfit for ordinary use.

86. The MacBooks are latently defective even when the MacBooks appear to be functioning normally, which means that discovery of the defect more than a year after purchase does not bar a claim.

87. Apple did not effectively disclaim any of its obligations pursuant to SBCWA.

88. Plaintiff and members of the Class were damaged by Apple's breach of the SBCWA, and Plaintiff is entitled to costs, expenses and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**(Breach of Contract/Duty of Good Faith and Fair Dealing)**

89. Plaintiff repeats and re-allege herein the foregoing allegations.

90. Apple's Limited warranty required it to perform its warranty obligations in accordance with the duty of good faith and fair dealing.

91. Apple violated its duty of good faith and fair dealing by failing to provide an effective remedy for the defects, by creating false hope that consumers could fix the problems with the keyboard by using compressed air and by pretending that the defect was caused by consumer behavior when in reality it was not.

92. Apple's behavior was commercially unreasonable.

93. Plaintiff and class members were damages by Apple's breach of its obligations.

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the Class defined herein;

B. Designating Plaintiff as representatives of the Class and his counsel as class counsel;

C. Entering judgment in favor of Plaintiff and the Class and against Apple;

D. Awarding Plaintiff and members of the Class their individual damages and attorneys' fees and allowing costs, including interest thereon; and/or restitution and equitable relief; and

E. Granting such further relief as the Court deems just.

**VIII.   JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: June 2, 2018

/s/ Scott C. Borison
Scott C. Borison, State Bar No. 289456
Legg Law Firm, LLP
1900 S. Norfolk St., Suite 350
San Mateo CA 94403
Telephone:   (301) 620-1016
Fax:              (301) 620-1018
Email:   borison@legglaw.com

E. Michelle Drake (*pro hac vice application forthcoming*)
Minnesota State Bar No. 229202
Berger & Montague, PC
43 S.E. Main Street, Suite 505
Minneapolis, MN 55414
emdrake@bm.net
ph. 612-594-5933
fax. 612-584-4470

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

14

Class Action Complaint

| | |
|---|---|
| | Respectfully submitted, |
| Dated: June 2, 2018 | /s/ Scott C. Borison |
| | Scott C. Borison |
| | *Attorney for Plaintiff* |

Class Action Complaint